## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ROBERT SHORTESS**                                    **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, DEPARTMENT**          **No. 07-523-C**
**OF PUBLIC SAFETY AND CORRECTIONS,**
**ELAYN HUNT CORRECTIONAL CENTER**

## RULING ON MOTION FOR PRELIMINARY AND
## PERMANENT INJUNCTION TO STAY PROCEEDINGS

This matter is presently before the Court on a Motion for Preliminary and Permanent Injunction to Stay Louisiana Civil Service Proceedings (Doc. No. 22) filed by defendant, State of Louisiana, Department of Public Safety and Corrections, Elayn Hunt Correctional Center.  Plaintiff, Robert Shortess, has filed opposition (Doc. No. 35).  Defendant requests oral argument on this matter (Doc. No. 27).  Jurisdiction is allegedly based on federal question, 28 U.S.C. § 1331. The Court, having reviewed the record, the law, and the arguments of the parties, now concludes that the defendant's Motion for Preliminary and Permanent Injunction to Stay Louisiana Civil Service Proceedings should be **DENIED**. Therefore, defendant's Motion for Oral Argument will be **DENIED** as moot.

## BACKGROUND

In July, 2004, plaintiff was hired by defendant as an Investigative Officer at Elayn Hunt Correctional Center.  Plaintiff was demoted in January 2006, after he fell asleep on the job.  By letter dated July 11, 2006, plaintiff was notified that he

Doc#1828

was being terminated from his position pursuant to Civil Service Rule 12.6(a)1

("Rule 12.6(a)"), which, subject to the provisions of the American Disabilities Act

("ADA"), authorizes the non-disciplinary removal of an employee who is unable to

perform essential functions of his job because of an illness or medical disability,

where the employee has exhausted fewer than eight hours of sick leave and the

duties of the job must be performed without further interruption.

Plaintiff appealed both his demotion and termination to the Louisiana Civil

Service Commission ("CSC"), claiming violations of the ADA and the Louisiana

Civil Rights Act.  Plaintiff's termination claim was summarily dismissed by the

CSC due to a finding that the removal was in accordance with Rule 12.6(a).

While dismissing plaintiff's claim, the CSC referee concluded that, in making a

termination pursuant to Rule 12.6(a) "subject to the provisions of the ADA," the

CSC did not intend to give itself jurisdiction to determine whether an employer

had met its obligation under federal law.  Instead, the referee opined that the

CSC added the reference to the ADA in order to alert state agencies that federal

law might impact their use of Rule 12.6(a).

Plaintiff appealed the CSC's decision to the Louisiana First Circuit Court of

Appeal.  On September 14, 2007, the First Circuit held that the ADA

accommodation requirement is incorporated as an element of Rule 12.6(a) and

thus it should have been considered by the CSC referee in determining the

propriety of plaintiff's termination.[1]  Therefore, the First Circuit remanded the case to the CSC with instructions to consider such factual determinations as "whether there are reasonable accommodations available, and whether accommodating the employee would impose an undue hardship on the employer."[2]

On July 19, 2007, plaintiff filed a petition with the Louisiana 19th Judicial District Court in East Baton Rouge Parish, Louisiana.  The petition requested an award of damages based on defendant's alleged violations of the ADA.  The case was removed to this Court due to questions of federal law.  Defendant now seeks an injunction to stay the CSC proceedings because "this Court and the [CSC] are being requested to determine the same factual finding by applying the same federal law standards to the same occurrence."  In opposition, plaintiff alleges that (1) this Court must abstain from the exercise of jurisdiction under the Burford abstention doctrine; that (2) the Court is prohibited from staying CSC proceedings due to 28 U.S.C. § 2283, the Anti-injunction Act, and that (3) the defendant was required, and failed to, include the CSC as a party to its request for injunctive relief in violation of Fed. R. Civ. P. 65(1).

---

[1] **Shortess v. Department of Public Safety & Corrections**, 971 So.2d 1051, 1055-56 (La. App. 1st Cir. 9/14/07).

[2] **Id.**

Doc#1828                                      3

## LAW AND ANALYSIS

## I. Jurisdictional Issues

At the outset, the Court rejects plaintiff's arguments that the **Burford** abstention doctrine[3] and the Anti-injunction Act, 28 U.S.C. § 2283, are applicable to the instant case.  Further, the Court finds that the **Colorado River** abstention doctrine[4] is inapplicable in this case.

### A.  Burford Abstention

The **Burford** abstention is only warranted when (1) there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) "where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."[5]  Defendant's Motion for Injunction alleges no facts which would even remotely establish the existence of either of these factors. Therefore, a **Burford** abstention is unwarranted.

---

[3] See **Burford v. Sun Oil Co.**, 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943).

[4] See **Colo. River Water Conservation Dist. v. United States**, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).

[5] **New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans**, 491 U.S. 350, 109 S.Ct.  2506, 105 L.Ed.2d 298 (1989)(citing **Colorado River Water Conservation Dist. v. United States**, supra, 424 U.S. at 814, 96 S. Ct. at 1245).

## B. Anti-Injunction Act

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[6]  Its plain language refers only to injunctions issued by federal courts "to stay proceedings in a State court."[7]  While the Supreme Court has expressly declined to address whether the Anti-Injunction Act applies to state administrative proceedings,[8] every circuit to have addressed the question has held that it does not.[9]  Therefore, this Court holds that the Anti-Injunction Act does not prohibit this Court from enjoining CSC proceedings.

## C. Colorado River Abstention

The **Colorado River** doctrine applies when there are pending parallel proceedings in federal and state court involving the same parties and issues.[10]

_____

[6] 28 U.S.C. § 2283.

[7] Id.

[8] See Gibson v. Berryhill, 411 U.S. 564, 573 n. 12, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973)

[9] See Bud Antle, Inc. v. Barbosa, 45 F.3d 1261, 1271 (9th Cir. 1995);  Entergy Arkansas, Inc. v. Nebraska, 210 F.3d 887, 900-01 (8th Cir. 2000); Kerr-McGee Chemical Corp. v. City of West Chicago, 914 F.2d 820, 824 (7th Cir. 1990); American Motors Sales Corp. v. Runke, 708 F.2d 202, 204-05 (6th Cir.1983); and Engelman v. Cahn, 425 F.2d 954, 958 (2d Cir. 1969); see also SMA Life Assurance Co. v. Sanchez-Pica, 960 F.2d 274, 276 (1st Cir. 1992).

[10] Republic Bank Dallas, Nat'l Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir.1987).

The doctrine applies only in "exceptional circumstances,"[11] and rests on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."[12]  "Because of the 'virtual unflagging obligation of the federal courts to exercise the jurisdiction given them,' as between state and federal courts, the general rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'"[13]

The Supreme Court has set forth the following six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[14] The decision whether to surrender jurisdiction because of

---

[11] **Kelly Inv., Inc. v. Cont'l Common Corp.**, 315 F.3d 494, 497 (5th Cir.2002).

[12]  **Colo. River**, 424 U.S. at 813, 817 (quoting **Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.**, 342 U.S. 180, 183 (1950)).

[13] **Murphy v. Uncle Ben's, Inc.**, 168 F.3d 734, 737 (5th Cir.1999) (quoting **Colo. River**, 424 U.S. at 817).

[14] See **Id.** (citing **Wilton v. Seven Falls Company**, 515 U.S. 277, 285-86 (1995)).

parallel state court litigation does not rest on a "mechanical checklist" of these factors, but rather on a "careful balancing" of them, "as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."[15]

### 1. Assumption by Either Court of Jurisdiction Over a Res

This case does not involve any res or property over which any court, state or federal, has taken control. "The absence of this factor is not, however, a 'neutral item, of no weight in the scales.' Rather, the absence of this first factor weighs against abstention."[16]

### 2. The Relative Inconvenience of the Forums

The federal court and the forum where CSC hearings are held are located within the same city, Baton Rouge. "Therefore, [the] absence [of an inconvenient forum] weighs against abstention."[17]

### 3. The Avoidance of Piecemeal Litigation

"These cases do not involve piecemeal litigation, i.e., there is 'no more than one plaintiff, one defendant, and one issue."[18] These cases involve the same plaintiffs and defendants and the same issue - namely, whether defendant

---

[15] **Murphy**, 168 F.3d at 738 (citing **Moses H. Cone Memorial Hospital v. Mercury Construction Corporation**, 460 U.S. 1, 16 (1983)).

[16] **Id.** (citation omitted) (quoting **Evanston Insurance Company v. Jimco, Inc.**, 844 F.2d 1185, 1191 (5th Cir.1988)).

[17] **Id.**

[18] **Id.** (quoting **St. Paul Insurance Company v. Trejo**, 39 F.3d 585, 590 (5th Cir.1994)).

discriminated against plaintiff in employment on the basis of his alleged disabilities." This parallel litigation is duplicative, not piecemeal," and " '[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination."[19] This factor weighs against abstention.

### 4. The Order in Which Jurisdiction Was Obtained by the Concurrent Forum

The priority element of the **Colorado River** balance " 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[20]  Although steps have been made on the merits of the case in the action pending before the CSC, the First Circuit has remanded the action back to the CSC to hold a hearing. Because the CSC has not held hearings that have considered any application of the ADA to the present claim, the Court finds that "the state and federal suits are proceeding at approximately the same pace."[21] Therefore, this factor weighs against abstention.

### 5. Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits

In contrast to the first four factors, the fifth and sixth factors "were not added as considerations to weigh against retaining jurisdiction," but instead

---

[19] **Murphy**, 168 F.3d at 738 (quoting **Evanston**, 844 F.2d at 1192).

[20] **Evanston**, 844 F.2d at 1190 (quoting **Moses H. Cone**, 460 U.S. at 21).

[21]  **Murphy**, 168 F.3d at 738-39.

"provide additional reasons for retaining jurisdiction."[22] In addition, " '[t]he presence of a federal law issue must always be a major consideration weighing against surrender [of jurisdiction], but the presence of state law issues weighs in favor of surrender only in rare circumstances."[23] Because both bodies are being requested to determine the merits of the case under federal law, the ADA, this factor weighs against abstention.

### 6. The Adequacy of State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction

This final consideration can only be "a neutral factor or one that weighs against, not for, abstention."[24] Defendant does not argue that the state court would not adequately adjudicate the case. Therefore, this is a neutral factor.[25]

In this case, five of the six **Colorado River** factors weigh against abstention, and the sixth factor is neutral. Because the balancing of these factors "is heavily weighted in favor of the exercise of jurisdiction," this court finds that it cannot abstain from exercising its jurisdiction under the circumstances presented here.

## II. Injunction

---

[22] **St. Paul**, 39 F.3d at 589 n. 4.

[23] **Murphy**, 168 F.3d at 739 (quoting **Evanston**, 844 F.2d at 1193) (internal quotations omitted)).

[24] **Evanston**, 844 F.2d at 1193.

[25] See **Stewart v. Western Heritage Ins. Co.**, 438 F.3d 488, 493 (5th Cir.2006) (citing **Black Sea Inv. v. United Heritage Corp.**, 204 F.3d 647 (5th Cir. 2000)).

Defendant asks the Court to issue an injunction to stay the CSC proceedings because "this Court and the [CSC] are being requested to determine the same factual finding by applying the same federal law standards to the same occurrence." Therefore, defendant contends that it will "face a substantial threat of either facing a res judicata issue or being subjected to conflicting rulings."

"When a plaintiff seeks to enjoin the activity of a government agency, ... his case must contend with the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs."[26] "This 'well-established rule' bars federal courts from interfering with non-federal government operations in the absence of facts showing an immediate threat of substantial injury."[27] This test of irreparable injury is not met in the present case.

Defendant alleges that it will face a "substantial threat" of res judicata or be subjected to conflicting rulings if an injunction is not granted. However, state agency findings that are not reviewed by a state court are not entitled to any preclusive effect in a subsequent action under the Americans with Disabilities Act.[28] Furthermore, although it may be true that defendant could be subjected to

---

[26] **Rizzo v. Goode**, 423 U.S. 362, 378-79, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976) (internal quotation omitted).

[27] **Midgett v. Tri-County Metro. Transp. Dist.**, 254 F.3d 846, 850 (9th Cir.2001); see also **Brown v. Board of Trustees of LaGrange Ind. Sch. Dist.**, 187 F.2d 20 (5th Cir.1951).

[28] **Thomas v. Contoocook Valley Sch. Dist.**, 150 F.3d 31, 38 (1st Cir. 1998).

conflicting rulings if an injunction is denied, the federal action proceeds, and the

CSC's findings on remand are reviewed by a state court, the prospect of such an

outcome is not the type of "immediate threat of substantial injury" required to

merit the issuance of an injunction.  Specifically, the threat of injury is not

immediate unless and until an appeal is taken from the CSC's findings on

remand.  Because neither party has appealed these findings for review by a state

court, there is currently no risk of issue preclusion, and defendant's request for

injunction is premature.  Therefore, this Court will not enjoin the CSC

proceedings.

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that defendant's Motion for Preliminary and Permanent

Injunction to Stay Louisiana Civil Service Proceedings is DENIED.

IT IS FURTHER ORDERED that defendant's Motion for Oral Argument is

DENIED as moot.

Baton Rouge, Louisiana, this 30th day of June, 2010.

**RALPH E. TYSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

Doc#1828                                      11